THE COMMISSIONER OF HIGHWAYS OF THE TOWNSHIP OF PONTIAC, COUNTY OF OAKLAND,
v. RALPH COBB.

*Plank-road companies—Forfeiture of franchise—Public highways.*

Upon the forfeiture by a plank-road company of its franchise, the turnpike becomes a public highway of the governmental corporation having control of roads of like character.

Error to Oakland. (Moore, J.) Argued January 25, 1895. Decided March 19, 1895.

Trespass for obstructing a highway. Defendant brings. error. Affirmed. The facts are stated in the opinion.

.J. Ten Eyck, for appellant.

Jayne & Lynch, for plaintiff.

MONTGOMERY, J. This is an action to recover the pre-scribed penalty for obstructing a public highway.[1] The only question involved in the case is whether the road in question is a public highway. The findings of the court. below show that the Pontiac & Lapeer Plank-Road Company, acting under the authority of its charter, granted by Act No. 240, Laws of 1848, by which the provisions of

---

[1] See How. Stat. §§ 1403, 1434.

Act No. 62 of the same year were made applicable, constructed the road in question, and maintained and collected toll from travelers over the same from 1854 up to November, 1888, when it abandoned the road, and the public authorities assumed control of the same. It further appears by the findings that the last annual meeting of the board of directors of the company was held on the 17th of January, 1888, and the court finds that by reason of the failure of the company to maintain its road, and its abandonment thereof, and the failure of its directors to meet for a period of five years (see section 3651, How. Stat.), the corporation had forfeited its franchise. Upon this state of facts, the court found, as a matter of law, that the road in question was a public highway when the defendant attempted to obstruct it, and that the defendant was liable to the penalty imposed by the statute. The court finds, as to the manner of dedication, that the plank-road company obtained a right of way, but that the proofs failed to disclose in what manner.

The defendant contends that, on the dissolution of the corporation, the title to the land reverted to the abutting owner, who is the defendant in this case. The rule is stated in Elliott, Roads & S. 54, that, if the corporation owning a turnpike suffers it to get out of repair, the franchise may be forfeited; and in that event the turnpike becomes a public highway of the governmental corporation having control of roads of like character. We think this is supported by abundant authority, and that a dedication to a turnpike road is presumptively made in contemplation of its continued use as a public highway, and implies the right of the public to continue its use on the termination of the corporation. *Railroad Co. v. Com.*, 104 Penn. St. 583; *State v. Maine*, 27 Conn. 641; *People v. Davidson*, 79 Cal. 166. In *State v. Maine* it was held that the owner of land taken for a turnpike is presumed to have re-

ceived compensation for a perpetual public easement when the road was first laid out, and he is not entitled to any further compensation when the ·road is subsequently converted into a public highway.

The judgment of the court below will be affirmed, with costs.

LONG, GRANT, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.